# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ROBERT PRINCE,

      Plaintiff,

v.             CIVIL ACTION NO. 2:19–cv–00414

PROFESSIONAL TRANSPORTATION, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand. (ECF No. 3.) For the reasons discussed more fully below, the Court **GRANTS** the motion but **DENIES** fees and costs.

### I. BACKGROUND

Plaintiff Robert Prince ("Prince") was a driver for Defendant Professional Transportation, Inc. ("Professional Transport"), a company that provides transportation to and from medical appointments for Medicaid and Medicare beneficiaries. (ECF No. 1–1 at 3, ¶ 5–6.) On November 5, 2018, Prince was involved in an automobile accident while transporting patients as part of his job duties. (*Id.* ¶ 7.) As a result of this accident, Prince requested workers' compensation and sought approval for temporary total disability and medical treatment benefits. (*Id.* at 4, ¶ 9.) On November 20, 2019 while Prince was seeking these benefits, Professional Transport terminated his employment. (*Id.* ¶ 10.)

On April 22, 2019, Plaintiff filed his Complaint in the Circuit Court of Logan County, West Virginia, alleging violations of the West Virginia Workers' Compensation Act ("WVWCA") Discriminatory Practices statute and violations of the West Virginia's Wage Payment Collection Act. (*Id.* at 4–5, ¶ 11–19.) Defendant removed this case to this Court on May 29, 2019. (ECF No. 1.) In the Notice of Removal, Defendant asserts that the sole basis for this Court's subject–matter jurisdiction is diversity pursuant to 28 U.S.C. § 1332. (*Id.* at 2, ¶ 7.)

Plaintiff filed his motion to remand on May 30, 2019. (ECF No. 3.) Defendant filed its Response on June 10, 2019. (ECF No. 5.) Plaintiff filed his Reply on June 11, 2019. (ECF No. 8.) As such, this motion is fully briefed and ripe for the Court's consideration.

## II. LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

The right to remove a case from state to federal court is provided under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Because removal infringes on state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.

*See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)); *Able v. Upjohn Co.*, 829 F.2d 1330, 1332 (4th Cir. 1987) (stating that "congressional desire to restrict removal has been understood to require that doubts about the propriety of removal be resolved in favor of retained state court jurisdiction"). Further, "[i]f the plaintiff challenges removal . . . the defendant 'bears the burden of demonstrating that removal jurisdiction is proper.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Under the removal statute, a defendant must file a notice of removal within thirty days of receiving service of the initial pleading or summons, or within thirty days after receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

In addition, if the defendant's assertion of the amount of controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount–in–controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "This test is framed alternatively as a requirement that a defendant demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (citation omitted). "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000," *Judy v. JK Harris & Co.*, No. 2:10–cv–01276, 2011 WL 4499316, at *3 (S.D. W. Va. Sept. 27, 2011) (citation omitted), and must

supply evidence regarding the amount at issue. *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001).

## III. DISCUSSION

Plaintiff argues this case should be remanded back to the Circuit Court of Logan County, West Virginia, for three reasons. First, Plaintiff argues Congress has barred the removal of this claim because it arises under the WVWCA. Second, Plaintiff argues Defendant's petition for removal was untimely under 28 U.S.C. § 1446(b), and finally, Plaintiff argues Defendant cannot establish an amount in controversy above the statutory minimum. Each is addressed in turn.

### A. *Removal of Claims Arising Under WVWCA*

Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." An action arises under the workers' compensation laws when it is "integrally related to the operation of [the] workers' compensation system . . . [and] protect[s] or enhance[s] the ability of workers to obtain compensation benefits . . . ." *Arthur v. E.I. DuPont de Nemours & Co., Inc.*, 58 F.3d 121, 127 (4th Cir. 1995) (holding that a "deliberate intent" claim did not arise out of the workmen's compensation laws because it was not integrally related to the workers' compensation system and did not protect or enhance the ability of workers to obtain compensation benefits).

In *Arthur*, the Fourth Circuit Court of Appeals held that a lawsuit where an employer acts with deliberate intent to injure an employee is not a workers' compensation law within the meaning of 28 U.S.C. § 1445(c) and is, therefore, not barred from removal. 58 F.3d 121, 127–28 (4th Cir. 1995). In West Virginia, civil actions brought under this deliberate intent exception are referred to as "*Mandolidis* suits" after the decision in *Mandolidis v. Elkins Industries, Inc.*, 246 S.E.2d 907

(W. Va. 1978), which expanded the definition of deliberate intention in this context. The Fourth Circuit declined to rule explicitly as to whether a statutory retaliation discharge claim arising under the WVWCA was barred from removal under 28 U.S.C. § 1445(c). *Id.* at 128. However, the Court noted, in *dicta*, "the sharp distinction between a retaliatory discharge claim and the *Mandolidis* claim . . . ." *Id.* "The action for retaliatory discharge is integrally related to the just and smooth operation of the workers' compensation system; it insures that those seeking compensation benefits are not scared out of making claims." *Id.* (citation omitted). The Fourth Circuit further stated that retaliatory discharge actions "aid[] the overriding purpose of providing fixed, no–fault benefits for workplace injuries. By contrast, the *Mandolidis* claim has no relationship to providing no–fault benefits and plays no role in promoting the just and smooth operation of the workers' compensation system." *Id.*

Here, Plaintiff has alleged Defendant engaged in retaliatory discharge because Prince was fired shortly after applying for workers' compensation benefits. (*See* ECF No. 1–1.) Plaintiff is not invoking a *Mandolidis* claim, and it is undisputed that this is a retaliatory discharge action. (*See* ECF No. 6 at 4.) Defendant argues that the Fourth Circuit's reasoning in *Arthur* does not preclude the removal of this action. (*Id.* at 6–7.) Defendant instead argues retaliatory discharge claims are similar to *Mandolidis* claims and should be treated as such. (*Id.*) However, this Court, in accordance with other district courts in West Virginia, utilizes the language in *Arthur* to hold that a cause of action for retaliatory discharge in violation of the WVWCA is "integrally related to [the WVWCA] and . . . protects and enhances the ability of workers to obtain compensation benefits." *Leo v. Beam Team Inc.*, No. 2:10–CV–00534, 2011 WL 1230016, at *4 (S.D. W. Va. Mar. 31, 2011) (quoting *Hamilton v. Peachtree Ridge Mining Co.*, 5:06–cv–00571 (S.D. W. Va.

5

Dec. 19, 2006); *see also Boswell v. Echostar Satellite, L.L.C.*, No. 1:07–0279, 2007 WL 9718620 (S.D. W. Va. June 20, 2007); *Thorne v. WLR Foods, Inc.,* 111 F. Supp. 2d 744, 747–48 (N.D. W. Va. 2000). Similarly, it has been held in this district that retaliatory discharge claims arise under the WVWCA. *See Blair v. Schott Scientific Glass Co.*, 945 F. Supp. 123 (S.D. W. Va. 1996); *Husk v. E.I. Du Pont De Nemours and Co.*, 842 F. Supp. 895 (S.D. W. Va. 1994); *Thomas v. Kroger Co.*, 583 F. Supp. 1031, 1037 (S.D. W. Va. 1984).

Although these cases do not provide an in–depth analysis of the issue currently before this Court, their holdings are consistent with *Arthur* and should be followed. Accordingly, the Court holds that removal of this action is improper. The Court need not address Plaintiff's other arguments in support of remand.

### B. Plaintiff's Request for Fees and Costs

Plaintiff requests costs and fees incurred as a result of the removal of this action. (ECF No. 4 at 6.) Upon remanding a case to state court, this Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). In other words, "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Here, there is no indication that Defendant sought to remove the case to this Court "for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140. The Court finds that Defendant's argument was made in good faith and Defendant had an objectively reasonable basis for removal. *Id.* at 141. Thus, an award of attorney fees and costs is not appropriate.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 3.) As such, the Court hereby **REMANDS** this case to the Circuit Court of Logan County, West Virginia. The Court **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 22, 2019

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE